# NICHOLAS BARTH

*vs.*

# JOHN F. HEIDER et al.

1. A conveyance without consideration by a husband to his wife will be set aside in favor of a judgment creditor, when it appears that the conveyance was made pending the action in which the judgment was obtained, although before the judgment was rendered; and it makes no difference that the action was to recover damages for a tort.
2. A creditor's bill may be filed on a return of *nulla bona,* although such return be made before the return day.

Equity. No. 1468. Decided January 27, 1870.

## STATEMENT OF THE CASE.

APPEAL from a decree setting aside a deed of trust made by the defendant, John F. Heider, to William Berger and William Heider, conveying certain real estate in trust for the sole use and benefit of his wife, Mary Heider, during her natural life, and after her death to convey to his children. The bill charged that complainant obtained a judgment at law against defendant, Heider, for false imprisonment, and that the deed was made with intent to defraud, delay and hinder the complainant in collecting his judgment; that defendant, Heider, had no property within the jurisdiction of the court subject to execution, and complainant could only make his judgment through a court of equity. The writ of *fieri facias* was issued on complainant's judgment on the 30th day of November, 1868, and returned *nulla bona* by the marshal on the 5th day of December, 1868.

Mr. WILLIAM F. MATTINGLY for plaintiff:

It is objected, first, that the bill must state the date of issuing the *fi. fa.*, when returned, and the actual return of the marshal.

To this we reply:

1. That in the States where such a rule prevails, there are peculiar reasons which do not apply in this District. Here we have but one county in which the writ can be levied, and we have no return day.

2. That if the defendant wishes to avail himself of this defense, he must do so by special demurrer, plea or answer. It is too late on final hearing.

That the bill cannot be filed until after the return of the *fi. fa.*

To this we say that there is no evidence in the case to show that the bill was filed before what the defendant claims to be the return day of the execution. The bill avers that he caused a writ of *fieri facias* to issue on the judgment, which was returned by the marshal "*nulla bona.*" *The answer admits this averment,* and there is no proof as to when the writ was returned.

The court will presume that the marshal did his duty, and returned the writ at the proper time.

3. That the return day of the *fi. fa.* is sixty days from the time the marshal receives it.

Under the former rules of court (Rule 126, page 38), the mandate in the writ was as follows: "And return this writ into the clerk's office of said court, so indorsed as to show when and how you have executed the same."

The marshal's construction of this rule was, that he could not make any return unless he had executed the writ by a levy; and in cases where he could not find any property upon which to levy, he could not make any return, but must keep the writ in his possession. To avoid this mischief, this court at the October term, 1865 (Min. of Gen. Term, p. 109), passed this order: Ordered, "That the writ of execution prescribed by Rule 126 be made returnable *within* sixty days from the day of issuance." We claim that under this form of writ the marshal may return it at any time within sixty days, when he is satisfied he can find no property upon which to levy. The return day of executions,

before the organization of this court, was the first day of the ensuing term, and this is the case in most of the States;, but now there is no specific return day.

That a creditor's bill may be filed on a return of *nulla bona*, though before the return day. See Howe *vs.* Cobb,. 3 McL.,.270,

*This deed is* fraudulent in fact. The cause was set for hearing upon bill, answers and replication.

The bill avers that the defendant had no property within the jurisdiction of the Court subject to execution at law, and that the real estate conveyed by the deed was all of which he was seized. The answers admit that he had no other real estate, but deny in general terms that he had no property within the jurisdiction of the Court subject to execution at law, without stating what property he had that was subject to execution, as ought to have been done.

The bill avers that the suit at law was set for trial at the May term of the Circuit Court, and was tried at that term; that the deed was a *voluntary* conveyance, and was executed during that term. This is admitted by the answers.

The bill also avers that the defendant in the suit at law has continued in the possession and enjoyment of the property, receiving the rents, issues and profits thereof. The defendant admits that he collects the rents of the real estate and attends to its general management, but says *he does so for his wife.* The defendant relies upon his denial of the fraudulent intent alleged in the bill. Cunningham *vs.* Freeborn, 11 Wendell, 240.

*The deed is fraudulent in law.* The Act of 13th Eliz. avoids all conveyances made with intent to delay, hinder, or defraud creditors *and others* of their just and lawful *actions, suits,* debts, *damages,* &c. 1 Am. Lead. Ca., 36.

Plaintiffs in actions *ex delicto* are by the express terms of this statute placed upon the same footing as creditors.

The United States Supreme Court has said that "in construing this statute, the courts have considered every

·conveyance not made on consideration deemed valuable in law, as void against previous creditors." 8 Wh. 243, Sexton *vs.* Wheaton.

The same construction applies to plaintiffs in actions *ex delicto* from the time suit is brought. Jackson *vs.* Myers, 18 John., 425 ; Clapp *vs.* Leatherber, 18 Pick., 138; Lillard *vs.* McGee, 4 Bibb., 165; Fox *vs.* Hills, 1 Conn., 295; Rogers *vs.* Evans, 3 Ind., 574.

Messrs. RIDDLE & MILLER for defendants:

The complainant must set forth in his bill the date of issuing *fieri facias* on his judgment, and the time it was returned by the marshal, and the actual return of the marshal on the *fieri facias.* Cassidy *vs.* Meacham et al., 3 Paige, 311.

A creditor cannot file his bill until after the return day of the *fieri facias* issued upon his judgment. Cassidy *vs.* Meacham, *Id.*

The return day of the *fieri facias* of this court is sixty ·days from the date it goes into the marshal's hands. Rule 20, Rules Sup. Ct. D. C., page 25.

The charge of fraudulent intent alleged in the bill must be shown. It is not a thing to be presumed, but must be proved, and by evidence sufficient for that purpose.

All the allegations in complainant's bill are met and ·sworn away by the defendant's answer. The complainant having set the cause for hearing on bill and answer, he thereby admits the statements of the answers to be true, hence the bill should have been dismissed with costs.

At the time of the making, executing and recording of the deed of trust the complainant was not a creditor of John F. Heider, and only became a creditor from the date of his judgment. Messerve *vs.* Dyer, 4 Greenleaf, 52; Langford *vs.* Fly, 7 Humphrey, 585.

A voluntary conveyance by a grantor not indebted at the time cannot be impeached by subsequent creditors upon the mere ground of its being voluntary. Brinton *vs.* Hook, 3 Md. Ch., 477.

Mr. Chief Justice CARTTER delivered the opinion of the Court:

The court has found no embarrassment in this case. The claim of the complainant was originally one of unliquidated damages arising *ex delicto*. These damages were liquidated by a judgment at law, and have therefore by operation of law been resolved into a debt *ex contractu*. We think the complainant is a creditor whose judgment lien must be preferred to that of any right arising from a conveyance without valuable consideration ; and there was no such consideration passing from the wife to the husband as would sustain the conveyance in question against a *bona fide* creditor who asks the assistance of a court of equity. The defense strenuously contend, however, that as the return day of the *fieri facias* was sixty days from the time it went into the hands of the marshal, the complainant could not file his bill to set aside the deed until the expiration of the sixty days, because *non constat* the defendant might, within sixty days, have acquired property sufficient to satisfy the *fieri facias*. We do not think there is anything in this objection. The marshal having returned the writ *nulla bona*, the complainant was entitled to file his bill; if by any return, early or tardy, the marshal does not do his duty, that is a question between him and the judgment creditor.

*The decree is affirmed.*